UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Sally Drewek,

      Debtor.

_____/

Case No. 11-42763
Chapter 7
Hon. Steven Rhodes

Opinion Granting U.S. Trustee's Motion to Dismiss Case
Pursuant to 11 U.S.C. § 707(a) with Prejudice

Currently before the Court is U.S. Trustee's motion to dismiss pursuant to 11 U.S.C. § 707(a) with prejudice. For the reasons set forth below, the Court grants the motion.

I.

On November 4, 2007, the debtor, Sally Drewek, obtained a general durable power of attorney for her legally incapacitated son, Shawn Drewek.

On September 3, 2008, the Oakland County Probate Court appointed Drewek as guardian, with power of attorney, for her son's estate.

On March 18, 2009, Elizabeth L. Brown, guardian ad litem for Shawn Drewek, filed papers alleging that Drewek misappropriated funds from her son's estate. The Oakland County Probate Court promptly removed Drewek as her son's guardian and appointed Marvie W. Neubauer as special fiduciary and successor guardian.

On September 17, 2009, the Oakland County Probate Court found that one day after she had been appointed Shawn Drewek's power of attorney, Drewek had removed over $113,000 from the estate and deposited it in her own name. The court found that Drewek used the funds to buy herself

two cars, a $6,000 cruise, and "spent the money in her own lavish way, even though employed, on herself and other members of her family." The court also found that Drewek failed to account for $89,364.73 of the funds, and noted that Drewek "was one of the least credible witnesses I've ever had on the witness stand." Based on these facts, the court held that Drewek had breached her fiduciary duty to the estate of Shawn Drewek and awarded damages to the estate in the amount of $89,364.73, plus interest from March 18, 2009. The judgment further required Drewek to pay the attorney fees of Brown and Neubauer. On October 9, 2009, the probate court found that Neubauer's attorney fees totaled $20,137.50.

On February 4, 2011, Drewek filed this Chapter 7 bankruptcy proceeding.

In addition to the claims held by Neubauer and the estate of Shawn Drewek, Drewek's schedules also list debts to Brown in the amount of $628.39 and to Jennifer L. Meyers, Drewek's attorney in the Oakland County Probate Court proceedings, in the amount of $4,699.82.

Drewek's schedules show total assets of $106,500 in real property and about $3,000 in personal property. Her liabilities consist of $108,784 in secured debt and $122,724 in general unsecured debt.

II.

The U.S. Trustee argues that Drewek's misappropriation of nearly $90,000 from her legally incapacitated son's estate, which gave rise to debts constituting approximately 94% of Drewek's general unsecured claims, warrants a finding of bad faith and therefore dismissal under § 707(a). The U.S. Trustee also argues that the state court judgment is a nondischargeable debt for defalcation while acting in a fiduciary capacity under § 523(a)(4), and that Drewek's misappropriation of estate funds rendered Shawn Drewek's estate without the resources to file and pursue a nondischargeability

2

action under § 523(a)(4).

III.

One of the primary goals of the Bankruptcy Code is to relieve the honest but unfortunate debtor of his indebtedness so that he may make a fresh start. *In re Krohn,* 886 F.2d 123, 125 (6th Cir. 1989). However, "[t]here is no constitutional right to obtain a discharge of one's debts in bankruptcy." *United States v. Kras*, 409 U.S. 434, 446, 93 S. Ct. 631, 639 (1973).

> The Bankruptcy Code is intended to assist those persons who, despite their best efforts, find themselves hopelessly adrift in a sea of debt. Bankruptcy protection was not intended to assist those who, despite their own misconduct, are attempting to preserve a comfortable standard of living at the expense of their creditors. Good faith and candor are necessary prerequisites to obtaining a fresh start. The bankruptcy laws are grounded on the fresh start concept. There is no right, however, to a head start.

*Indus. Ins. Servs. v. Zick* (*In re Zick*), 931 F.2d 1124, 1129-30 (6th Cir. 1991) (quoting *In re Jones*, 114 B.R. 917, 926 (Bankr. N.D. Ohio 1990)).

Under 11 U.S.C. § 707(a), the court may dismiss a case under Chapter 7 after notice and a hearing for cause, including:

> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file . . . the information required by paragraph (1) of section 521, but only on motion by the United States Trustee.

The Sixth Circuit has held that "including" should not be read as a limiting word. *Zick*, 931 F.2d at 1126. A lack of good faith is a valid cause of dismissal under § 707(a). *Id.* at 1127.

Over time, the factors laid out in *Zick* were expanded to fourteen factors:

3

1. The debtor reduced his creditors to a single creditor in the months prior to filing the petition.

2. The debtor failed to make lifestyle adjustments or continued living an expansive or lavish lifestyle.

3. The debtor filed the case in response to a judgment, pending litigation, or collection action; there is an intent to avoid a large single debt.

4. The debtor made no effort to repay his debts.

5. The unfairness of the use of Chapter 7.

6. The debtor has sufficient resources to pay his debts.

7. The debtor is paying debts to insiders.

8. The schedules inflate expenses to disguise financial well-being.

9. The debtor transferred assets.

10. The debtor is over-utilizing the protection of the Code to the unconscionable detriment of creditors.

11. The debtor employed a deliberate and persistent pattern of evading a single major creditor.

12. The debtor failed to make candid and full disclosure.

13. The debts are modest in relation to assets and income.

14. There are multiple bankruptcy filings or other procedural "gymnastics."

*In re Spagnolia*, 199 B.R. 362, 365 (Bankr. W.D. Ky. 1995).

"[W]here a combination of these factors are present, the courts have held that a § 707(a) dismissal is warranted." *Id.* (citing *Zick* at 1124).

IV.

4

Applying the factors set forth above, the Court determines that factors 3, 4, 5, 10 and 12 are present in this case.

A.

With regard to factor 3, Drewek clearly filed bankruptcy in response to the state court judgment. Drewek has a modest amount of secured debt, the unsecured portion of which is only $2,284. The state court judgment for breach of fiduciary duty, on the other hand, constitutes approximately 74% of Drewek's total unsecured debt, while her debts relating to the state court judgment constitute approximately 94% of her unsecured debt.

Many courts have found cause to dismiss under § 707(a) under the rubric of bad faith where the debtor seeks to discharge the debt of a single large creditor. *See In re Zick* (seeking to avoid payment of a $600,000 mediation award); *In re Merritt,* 2000 WL 420681 (6th Cir. April 12, 2000) (seeking to avoid payment to two largest creditors stemming from a single transaction); *In re Griffieth*, 209 B.R. 823 (Bankr. N.D.N.Y. 1996) (seeking to discharge obligation to the IRS which represented more than 90% of the debt for which the debtors sought discharge); *In re Cappuccetti*, 172 B.R. 37 (Bankr. E.D. Arkansas 1994) (seeking to discharge debt to IRS which constituted 90% of the total debt and was the only debt debtors sought to discharge). *But see Deglin v. Keobapha* (*In re Keobapha*), 279 B.R. 49 (Bankr. D. Conn. 2002) (filing of Chapter 7 as a response to a wrongful death lawsuit not cause for dismissal).

B.

With regard to factor 4, Drewek has made no effort to pay her debt. Drewek's schedules list an $89,354.73 debt to the estate of Shawn Drewek and a $20,978.36 debt to Neubauer. Since the state court judgment was entered, Drewek has made no repayment on these two debts.

5

C.

With regard to factor 5, the Court finds that Drewek's use of the Bankruptcy Code is unfair and contrary to the purposes of the code.

The facts of this case resemble those of *In re Eddy*, 288 B.R. 500 (Bankr. E.D. Tenn. 2002). In *Eddy*, the debtor filed a Chapter 7 case largely in an attempt to discharge a $100,000 judgment debt which arose out of his misappropriation of funds that he held in trust for his ex-wife's children. The court, in dismissing the case under § 707(a) for bad faith, stated:

> It is obvious to the court that one of the primary reasons that the Debtor filed this Chapter 7 bankruptcy case was an attempt to use the Bankruptcy Code to avoid the payment of the Judgment to the Hull Children, resulting in detriment to them. The Judgment itself is based upon the Debtor's misappropriation of funds that the state court determined he was required to hold in trust for his deceased wife's minor children . . . .
> In the court's opinion, it would be unfair to allow the Debtor to continue to hold the Hull Children at bay, denying them the insurance proceeds to which they are entitled. The Debtor may not use the protections of the Bankruptcy Code to further injure these children.

*Id.* at 508.

Similarly, Drewek misappropriated the funds of her son's estate while acting in a fiduciary capacity and is now seeking the protection of the Bankruptcy Code to shield her from the consequences of her theft.

In *In re Motaharnia*, 215 B.R. 63, 68 (Bankr. C.D. Cal. 1997), the court held that dismissal under § 707(a) should apply in "egregious cases where the debtor's motives are clearly inconsistent with the established purposes of the Bankruptcy Code." Congress enacted § 523 to "prevent[] the discharge of certain debts based either on public policy (i.e. taxes, spousal and child support) or on inequitable prepetition conduct of the debtor in relationship to a particular creditor and claim." *Id*.

6

at 72. In light of Congress' clear preference against discharging the type of debt Drewek seeks to discharge, the Court finds that Drewek's ends are unfair and contrary to the purposes of the Bankruptcy Code.

D.

With regard to factor 10, the Court finds that Drewek is over-utilizing the protection of the Bankruptcy Code to the unconscionable detriment of creditors. By stealing all the money from her legally incapacitated son's estate, Drewek left the estate financially unable to bring a nondischargeability action. Allowing this case to continue would lead to the absurd result of rewarding the thief who steals the most.

E.

Finally, with regard to factor 12, the Court finds that Drewek failed to make full and candid disclosure as to the extent and whereabouts of her assets. The Oakland County Probate Court found that Drewek transferred over $113,000 out of Shawn Drewek's estate and put it into her own name. Of that amount, Drewek failed to account for $89,364.73. Drewek does not account for those funds in her schedules. She lists only one bank account with a balance of $9.12. Further, Drewek lists less than $3,000 in personal assets. The Court is not satisfied that Drewek has made a full and candid disclosure in relation to her bankruptcy case.

In light of the above factors, the Court concludes that the facts warrant dismissal for bad faith.

V. Dismissal with Prejudice under § 349(a)

The U.S. Trustee further seeks dismissal with prejudice. Section 349(a) allows a court to bar discharge of a debt in a later case under the Bankruptcy Code if cause exists. That section provides,

7

in part, "Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed . . . ."

The court in *In re Everett,* 2010 WL 4105458 (Bankr. N.D. Ohio 2010), construed cause under § 349(a) as follows:

> Although not specifically defined in the Bankruptcy Code, courts have generally considered "cause" under § 349(a) to include bad faith based on egregious behavior, contumacious actions, or abuse of the bankruptcy process. *See In re Klein,* 431 B.R. 726, 736–37 (B.A.P. 6th Cir. 2010); *Leavitt,* 171 F.3d [1219,] 1224 [(9th Cir. 1999)]; *Colonial Auto Center v. Tomlin (In re Tomlin),* 105 F.3d 933, 937 (4th Cir. 1997); *In re Hall,* 258 B.R. 908, 911 (Bankr. N.D. Ind. 2001); *In re Covino,* 245 B.R. 162, 169–70 (Bankr. D. Idaho 2000) (finding that egregious behavior includes behavior "so obviously inconsistent with what is right or proper as to appear to be a flouting of law or morality").

*Id.* at *2.

Based on the discussion above, the Court finds cause to dismiss with prejudice under § 349(a).

For the reasons stated above, the U.S. Trustee's motion to dismiss with prejudice is granted.

Not for Publication

**Signed on July 20, 2011**

                                                              /s/ Steven Rhodes
                                                        **Steven Rhodes**
                                                        **United States Bankruptcy Judge**